IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-02298-JLK**

**GARY KRAMMES,**

       Plaintiff,

v.

**COLORADO DIVISION OF WILDLIFE OFFICERS:
JAMES ROMERO,
MICHAEL BLANCK,
BILL DEVERGIE
MIKE BAUMAN, and
TERVOR BLAZER,**

       Defendants.

## **ORDER**

Kane, J.

This new civil action is before me on Defendants' "Notice of Removal From State District Court." The Notice – stating solely that Defendants "hereby give notice that they are seeking removal [of the state court action]"[1] – fails to comply with the statutorily mandated procedure for removal set forth at 28 U.S.C. § 1446 and confers no jurisdiction

---

[1] In its entirety, the notice reads:

> DEFENDANTS, Colorado Division of Wildlife Officers: James Romero, Michael Blanck, Bill DeVergie, Mike Bauman, and Tervor Blazer, hereby give notice that they are seeking removal from the Moffat County District Court, Civil Action No. 06 CV 85, *Gary Krammes v. Colorado Division of Wildlife Officers, et al.*, to the United States District Court for the District of Colorado.

Notice of Removal (Doc. 1).

on this court. In the absence of jurisdiction, I must remand the case to the state court where it has been pending since February 2007.

Federal district courts are courts of limited jurisdiction, and must have both a constitutional and statutory basis for exercising jurisdiction. *See Lovell v. State Farm Mut. Auto. Ins. Co.,* 466 F.3d 893, 897 (10th Cir. 2006); *Estate of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1164 (10th Cir. 2004). Statutes which confer federal court jurisdiction – particularly removal statutes – are to be narrowly construed so as to preserve the limited role of federal courts. *See Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-95 (10th Cir. 2005).

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Removal must be effected within thirty days after the service of the summons or, as it appears in this case when the case as originally filed was not removable, within thirty days after receipt by defendant of an amended pleading or "other paper" from which it may first be ascertained that the case is one which has become removable. *Id.* § 1441(b). "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), so that all doubts are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

It is the obligation of the removing defendant to establish that the jurisdictional prerequisites for removal are met. *See Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (applying principle in diversity jurisdiction

case)(citing *Laughlin* at 873).  In this case, the removing Defendants are represented by the State Attorney General's office.  The Notice submitted by the Attorney General states neither the grounds for removal, the basis for federal jurisdiction, nor whether the attempted removal is timely as required by 28 U.S.C. § 1446(a) and (b).  It does not appear as though counsel even consulted the federal removal statute, or this court's Local Rules, in preparing it.[2]  Because I am unable to determine from the face of the Notice or the state court documents attached to it whether federal jurisdiction exists or whether the action is removable under § 1446, the Notice must be deemed DEFECTIVE and the matter REMANDED back to the District Court for Moffat County, Colorado.

Dated:  November 5, 2007                                **s/John L. Kane**
                                                        SENIOR U.S. DISTRICT JUDGE

---

[2]   The Notice was originally filed without any attendant state court documents as required by 28 U.S.C. § 1446(a) and D.C.COLO.LCiv.R 81.1.  After prompting from Clerk's Office staff by telephone, counsel for Defendants filed the necessary documents two days later.